# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| RODGER SERATT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:11-CV-120 SNLJ |
| | ) | Case No. 1:11-CV-94 SNLJ |
| JAY NIXON, et al., | ) | |
| Defendants. | ) | |
| and | ) | |
| RODGER SERATT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| STATE OF MISSOURI, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, filed these two actions alleging that Missouri's controlled substance laws, § 195.017 R.S.Mo.,[1] violate his constitutional right to sell incense and bath salts known as K2 and Spice, which he alleges are defined by the laws as synthetic cannabis and cocaine. Plaintiff states that the Act defines synthetic cannabis and synthetic cocaine as substances that, when consumed by a human, mimic the effects of cannabis and/or cocaine, depending on the compound so consumed. Plaintiff alleges that it is unconstitutional for

---

[1] Certain applicable changes to §195.017 R.S.Mo. went into effect on August 28, 2010. Additional changes to that statute, created by HB 641, will amend § 195.017 effective August 28, 2011.

Missouri to ban synthetic marijuana and cocaine without also criminalizing substances such as alcohol, glue,"computer air," gasoline, and cooking spray, which, when used improperly, he alleges also have a "similar" negative effect on the mental and/or physical well-being of humans. Plaintiff suggests that his products — K2 and Spice — are essentially no different from those substances, and that, like glue, computer air, gasoline, and cooking spray, his products display general warning labels and indicate they are not intended for human consumption. Plaintiff takes issue with the fact that the Acts criminalize not only misuse of the K2 and Spice products, but also the manufacture, distribution, sale, and possession of those products.

Plaintiff's complaints purport to make numerous constitutional claims. Plaintiff contends that such disparate treatment between his products and items like alcohol, glue, gasoline, cooking spray, and the like, violates his constitutional rights under the First, Fifth, and Fourteenth Amendments. Furthermore, plaintiff also suggests that the Acts are unconstitutionally vague because § 195.017's definition of synthetic cannabis could be applied to many substances, so individuals must guess as to the statute's meaning when determining whether their conduct will violate the Act. Plaintiff also argues that the sale of synthetic marijuana and cocaine is constitutionally protected activity under the First, Fifth, and Fourteenth Amendments.

The first suit plaintiff filed, No. 1:11-cv-94, on May 31, 2011, named the State of Missouri as the sole defendant and was styled as a "Petition for Writ of Prohibition or, in the Alternative, Petition for Writ of Mandamus and Declaratory Order Declaring a State Statute Unconstitutional" ("*Seratt I*"). Defendant Missouri filed a Motion to Dismiss on June 22, 2011, arguing that this Court lacks jurisdiction to hear a claim brought by a plaintiff against his own state. Rather than respond to that motion, plaintiff filed a second lawsuit on July 7, 2011, but

this time as a 42 U.S.C. § 1983 action against defendants Missouri Governor Jay Nixon and Attorney General Chris Koster ("*Seratt II*") for violation of plaintiff's civil rights.

Plaintiff states that he will be irreparably injured if the Act is not "struck down and ruled unenforceable." He seeks declaratory and injunctive relief in both lawsuits, and he seeks attorney's fees, costs, and compensatory damages of one million dollars in *Seratt II*.

Defendants Nixon and Koster filed a Motion to Dismiss (#4) in *Seratt II* on August 9, 2011. Plaintiff did not respond, and the time for doing so has expired. However, in *Seratt II*, plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (#8) and a Motion for Emergency Hearing (#7) on August 23, 2011. The Court will now address all four outstanding motions in both *Seratt I* and *Seratt II*.

## II.     Legal Standards for Motion to Dismiss

Defendant Missouri moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. In addition, Defendant Missouri has moved to dismiss under Rule 12(b)(5), for insufficient service of process. Defendants Nixon and Koster move to dismiss under Rule 12(b)(6). The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted).

When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

With these principles in mind, the Court turns to the merits of the motions.

### III. Discussion

#### A. State of Missouri's Motion to Dismiss in *Seratt I*

Under the Eleventh Amendment, federal courts lack jurisdiction to entertain a suit brought by a plaintiff against his own state. U.S. Const. amend. XI; *Pennhurst State School &*

*Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 & 100 (1984). In fact, in the Eighth Circuit, sovereign immunity — the doctrine that a state or other sovereign cannot be sued in most circumstances — is a jurisdictional question. *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1043 (8th Cir. 2000). The Supreme Court has instructed that "this jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100. Because plaintiff is a Missouri citizen, plaintiff cannot bring suit against the State of Missouri regardless of the relief sought. Therefore, plaintiff's first lawsuit, *Seratt I*, will be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *See Williams v. Missouri*, 973 F.2d 599, 600 (8th Cir. 1992) (remanding with instructions to dismiss the case where Eleventh Amendment barred suit by plaintiff against his own state).

Defendant Missouri also contends that service of process was insufficient and thus warrants dismissal under Rule 12(b)(5). Because the Court dismisses plaintiff's claims against Missouri on other grounds, however, the Court need not address that point here.

**B.    Defendants Nixon and Koster's Motion to Dismiss in *Seratt II***

Defendants Nixon and Koster contend that plaintiff's suit should be dismissed for three reasons: (1) because this matter is duplicative of two other lawsuits filed by plaintiff in this Court: one filed before this action, *Seratt I*, and the other filed after this action, *Seratt v. Oliver, et al.*, 1:11-CV-126-SNLJ ("*Seratt III*")[2]; (2) the state's Eleventh Amendment immunity requires dismissal; (3) plaintiff's claim fails as a matter of law because he does not allege the defendants' personal involvement or because defendants are entitled to qualified immunity.

---

[2]Plaintiff filed *Seratt III* on July 18, 2011against the Sheriff of Stoddard County and the Stoddard County prosecuting attorney. The defendants have answered plaintiff's complaint.

5

As noted, plaintiff failed to respond to defendants' motion to dismiss. Rather, plaintiff has filed a motion for a preliminary injunction and temporary restraining order. He does not address any of the defendants' arguments for dismissal in his motion.

1.  **Duplicative Litigation**

Defendants argue that this matter is duplicative of *Seratt I*, in which plaintiff brings nearly identical claims against the State of Missouri. It is well established that federal courts should decline to exercise their jurisdiction in order to prevent duplicative litigation. *State ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 952 (8th Cir. 2001). Thus, "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Prudential*, 259 F.3d at 954. If a case is duplicative of another pending federal action, then plaintiffs argue that it should be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Free Conference Corp. v. Sancom*, No. CIV. 10-4113-KES, 2011 WL 1486199, at *3 (D. S.D. Apr. 19, 2011).

In *Seratt I*, plaintiff attempts to litigate the same controversy at issue in *Seratt II*, *i.e.*, the constitutionality of § 195.017 R.S.Mo. Plaintiff makes the same argument in *Seratt I* for finding § 195.017 unconstitutional, and he similarly requests that this Court to strike it down. Furthermore, defendants Nixon and Koster state that by naming them as defendants, he has essentially named the State of Missouri as a defendant — and the state is already a defendant in *Seratt I*. Although defendants argue that the duplicity of issues, parties, and relief sought preclude plaintiff from litigating this case and *Seratt I* at the same time, the Court will consolidate these matters under the Case Number for *Seratt I*, No. 1:11-cv-94.

6

## 2. The Eleventh Amendment

As explained above, under the Eleventh Amendment, federal courts lack jurisdiction to entertain a suit brought by a plaintiff against his own state. *Pennhurst*, 465 U.S. at 100. The Eleventh Amendment also "bars a suit against state officials when the state is the real, substantial party in interest." *Id.* at 101 (internal quotation omitted). "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id.* at 101 n.11 (internal quotations omitted). "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-102.

As the Supreme Court has explained, however, there is "an important exception to this general rule: a suit challenging the constitutionality of a state official's action is not one against the State." *Id.* at 102 (citing *Ex parte Young*, 209 U.S. 123 (1908)). In *Ex parte Young,* "a federal court enjoined the Attorney General of the State of Minnesota from bringing suit to enforce a state statute that allegedly violated the Fourteenth Amendment." *Pennhurst*, 465 U.S. at 102. The theory behind this rule is that if a statute is void as unconstitutional, the state officer does not have any immunity — because the State cannot authorize the action, the officer is "stripped of his official or representative character and is subjected . . . to the consequences of his individual conduct." 209 U.S. at 160. Even where injunctive relief may be available in that case, however, monetary damages are not. *Pennhurst*, 465 U.S. at 102-3.

Defendants argue that, here, the State of Missouri is the real, substantial party in interest, as evidenced by plaintiff's statements that he is raising a "facial constitutional challenge" to Missouri's criminalization of synthetic marijuana and cocaine, and that he is seeking a state-wide injunction to stop enforcement of the law. In addition, monetary damages in this case would come from Missouri's legal expense fund. § 105.711(2)(2) R.S.Mo. Missouri, then, appears to be the real party at interest.

As for whether Governor Nixon or Attorney General Koster fall within the *Ex parte Young* exception, defendants argue that they do not. Plaintiff alleges in his complaint that defendant Nixon is "vested with the supreme execution power and is responsible for the faithful execution of [Missouri's] laws." In addition, plaintiff alleges that defendant Koster, as Attorney General, "consults with and advises the several state's attorneys in matters relating to the duties of their office." However, the Supreme Court cautions that, "[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act." 209 U.S. at 157. Otherwise, the state official is merely "a representative of the state," which in turn makes the state a party. *Id.* Plaintiff does not allege that either defendants Nixon or Koster have enforced or have threatened to enforce § 195.017. Rather, plaintiff has alleged in *Seratt III* that the Stoddard County Prosecuting Attorney and the Sheriff are actually enforcing the law against him.

"The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute." *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979). Furthermore, the mere possibility that

8

the Governor might order the Attorney General to assist the Stoddard County Prosecuting Attorney, *see* § 27.030 R.S.Mo., does not satisfy the *Ex parte Young* exception. If the Governor has not actually directed the Attorney General to assist a county prosecutor in enforcing a statute, then the Governor does not fall within the *Ex parte Young* exception. *Lakeside Roofing Co. v. Nixon*, No. 4:10-CV-01761 JCH, 2011 WL 1465593, at *6-*7 (E.D. Mo. Apr. 18, 2011).

Similarly, the Missouri Attorney General's "general authority to uphold and enforce the law of the state" is insufficient to include him in an action challenging the constitutionality of Missouri law. *Munie v. Koster*, No. 4:10-CV-01096 AGF, 2011 WL 839608, at *2 (E.D. Mo. Mar. 7, 2011); *see also Shell Oil Co.*, 608 F.2d at 211 ("Nor is the mere fact that an attorney general has a duty to prosecute all actions in which a state is interested enough to make him a proper defendant in every such action.").

As a result, defendants Nixon and Koster do not fall within the *Ex parte Young* exception. Because they are merely representatives of the state, and because the Eleventh Amendment precludes a lawsuit by a plaintiff against his state, the claims against them must be dismissed. *Pennhurst*, 465 U.S. at 102.

### 3. Failure to State a Claim

Because the Court will dismiss plaintiff's complaint for the reasons explained above, the Court need not address defendants' other arguments for dismissal.

### D. Plaintiff's Motion for a Preliminary Injunction, Temporary Restraining Order, and Emergency Hearing

Because plaintiff's complaint in *Seratt II* will be dismissed, his Motion for Preliminary Injunction and Temporary Restraining Order (#8) and Motion for Emergency Hearing (#7) will be denied as moot.

## IV. Conclusion

*Seratt I* and *Seratt II* shall be consolidated under the case number for *Seratt I*, 1:11-cv-94. The entirety of plaintiff's complaints in both *Seratt I* and *Seratt II* shall be dismissed by separate order. Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order (#8) and for Emergency Hearing (#7) in *Seratt II* are denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall consolidate the two actions with case numbers 1:11-cv-94 and 1:11-cv-120.

**IT IS FURTHER ORDERED** that plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order (#8) and for Emergency Hearing (#7) in Case No. 1:11-cv-120 are **DENIED** as moot.

Dated this  25th  day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE